```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MIGUEL MENDOZA,**

                **Plaintiff,**

       **v.**                        CASE NO.  08-3045-SAC

**STATE OF KANSAS,**
**et al.,**

                **Defendants.**

## O R D E R

This civil complaint, 42 U.S.C. § 1983, was filed by an inmate of the Federal Correctional Institution at Ray Brook, New York. Plaintiff names as defendants the State of Kansas, the Harvey County Attorney, the Assistant Harvey County Attorney, plaintiff's appointed attorney, and two police officers in Newton, Kansas, all of whom he alleges conspired to convict and punish him and deny him a fair trial.

**FACTUAL ALLEGATIONS**

As the factual basis for his complaint, Mr. Mendoza alleges the following. He was prosecuted and convicted in the State of Kansas by defendants Harvey County Attorney and Assistant Harvey County Attorney. The defendant who acted as his trial defense attorney was appointed by the court, and defendant police officers were involved in his arrest and at the "Newton police department" at all relevant times. In September, 1998, Mr. Mendoza was convicted on one count of possession of methamphetamine and one count of possession of a controlled substance without a tax stamp. He complains that in November, 1997, he was arrested for these crimes in Newton, Kansas,

as the result of an illegal search after the vehicle in which he was a passenger was stopped for speeding. He also complains that there was insufficient evidence of his guilt, his trial was unfair due to jury bias and improper evidence. He further claims trial defense counsel Peterson was ineffective in that he failed to investigate and object at trial, and failed to timely and properly pursue a direct criminal appeal. He also claims prosecutorial misconduct, including that defendant prosecutors fabricated evidence during the preliminary investigation and "acted outside" the scope of their employment and "in their individual capacities" in conspiring to unlawfully charge and convict him. However, plaintiff does not actually allege any facts indicating any defendant was acting other than within his or her official capacity.

**SCREENING**

Because Mr. Mendoza is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds as follows.

**HABEAS CORPUS CLAIMS**

Mr. Mendoza seeks money damages from each defendant, but he also seeks injunctive relief, asking the court "to erase" his criminal case. The sole remedy for a person seeking to challenge his state court conviction in federal court is a petition for writ

of habeas corpus filed pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(a); Preiser v. Rodriquez, 411 U.S. 475 (1973).  The court finds petitioner's claims are challenges to his state conviction and this action should be construed as a petition for writ of habeas corpus.  In order for this action to properly proceed as a federal habeas corpus petition, Mr. Mendoza is required to complete and submit to this court a "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254" on forms provided by the court[1].

**CLAIMS FOR MONEY DAMAGES**

The court finds plaintiff's claims seeking money damages from defendants based solely upon their actions taken in connection with his state criminal proceedings are premature under Heck, and subject to being dismissed for that reason.  When a state prisoner seeks damages or declaratory or injunctive relief in a § 1983 suit based upon allegations suggesting he was illegally convicted, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (declaratory relief); Lawson v. Engleman, 67 F. Appx 524, 526 FN 2 (10th Cir. 2003)(unpublished)(injunctive relief).  It is obvious

---

[1] Mr. Mendoza must write the number of this case, 08-3045-SAC, in the caption of his Habeas Corpus Petition.  He must complete the forms and all questions therein to the best of his ability, including specifying the habeas claims he wishes to present in federal court, and how those claims have been presented to the state courts.

3

that Mr. Mendoza claims his state court convictions were invalid. It is also obvious that his state convictions have not been overturned or declared invalid. Plaintiff will be given time to show cause why his claims for money damages should not be dismissed from this action as premature under Heck.

**MOTION FOR LEAVE TO PROCEED WITHOUT FEES**

Mr. Mendoza has submitted a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 3). If he amends this action to a federal habeas corpus petition, his motion will be granted because the filing fee for a habeas action is $5.00, and his current balance is below the maximum of $150.00.

Mr. Mendoza will be given time to submit his petition for writ of habeas corpus as required herein. If he does not so amend this action to a habeas corpus petition within the time provided, he will be required to immediately pay an initial partial filing fee and be responsible for the full filing fee for proceeding in this matter as a civil rights complaint.[2]

**EXHAUSTION OF STATE COURT REMEDIES**

**AND THE STATUTE OF LIMITATIONS**

When Mr. Mendoza fills out his habeas corpus petition forms, he must carefully answer all questions with regard to exhaustion of

---

[2] If Mr. Mendoza insists on his claims being processed in a civil rights complaint, the filing fee for a civil action is $350.00. Even if his Motion for Leave to Proceed Without Fees is granted, he will remain obligated to pay the full $350.00 fee, through automatic monthly deductions from his inmate account as funds become available. In addition, he will be assessed an initial partial filing fee of $9.00, based upon his monthly deposits for six months. He will be required to submit the $9.00 partial filing fee to the court before this action may proceed further as a civil rights action.

4

state court remedies.  28 U.S.C. § 2254(b)(1) pertinently provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id.  In other words, Mr. Mendoza may not have his habeas claims heard in federal court until he has fully and properly presented them to the state courts.

It appears from allegations in the complaint, that Mr. Mendoza has taken some steps to exhaust state court remedies.  He directly appealed his convictions to the Kansas Court of Appeals (KCOA), which affirmed on March 24, 2006[3].  On-line records of the Kansas Clerk of the Appellate Courts show that a Petition for Review was denied by the Kansas Supreme Court on September 19, 2006.  If any of the claims Mr. Mendoza now wishes to raise in federal court were not presented during his direct appeal, he must have raised those claims in a state post-conviction motion.  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v.

---

[3] There is no hint as to why the direct appeal of Mendoza's 1998 conviction did not reach the  KCOA until 2004.  If he can enlighten the court on what proceedings occurred between his sentencing in 1998 and his filing a Notice of Appeal in the KCOA in 2004, he should do so.

5

Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

If Mr. Mendoza has not presented any of his claims through one complete round in the Kansas state courts, then he would be well-advised to immediately file a post-conviction motion in the state district court in which he was tried, such as a motion under K.S.A. 60-1507.  If relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court.

Plaintiff is so advised because of the applicable statute of limitations, which sets a one-year time limit for filing a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1) pertinently provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id.  From the facts presently before this court, it appears Mr. Mendoza's state conviction became "final" for purposes of this statute on December 19, 2006[4].  The statute of limitations began to run on this date and might have run until it expired a year later on December 19, 2007.

However, if Mr. Mendoza properly filed a state post-conviction motion after his direct appeal was completed and before December 19, 2007, such an action tolls the statute of limitations for the time

---

[4] This is ninety days after the Petition for Review was denied by the Kansas Supreme Court on his direct appeal (September 19, 2006).  The additional ninety-day period is the time in which he could have filed a Petition for Writ of Certiorari in the United States Supreme Court.  The expiration of that time period marks the end of his direct appeal.

it is pending[5]. These are questions that Mr. Mendoza will be asked and must answer in his Habeas Corpus Petition.

**NO JURISDICTION UNDER 28 U.S.C. § 1331**

Plaintiff filed his complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), but also asserts jurisdiction under 28 U.S.C. § 1331. A claim under Section 1331 is against federal agents. The named defendants are state actors, not federal agents. Accordingly, this action is not properly brought under Section 1331.

**MOTION FOR INJUNCTIVE RELIEF**

Plaintiff has also filed a motion for injunctive relief purportedly under 28 U.S.C. §§ 1335, 2361 (Doc. 4). 28 U.S.C. § 1335 provides for interpleader actions involving money or property valued at $500 or more. 28 U.S.C. § 2361 governs the process and procedures for such interpleader actions. Neither statute gives this court authority to grant plaintiff injunctive relief with regard to his state criminal conviction or to punish or disbar attorneys. This motion shall be denied as without factual or legal basis.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to complete and submit to the court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on forms provided by the court, with case number 08-3045 written in the caption.

---

[5] A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must show cause why his claims for money damages should not be dismissed without prejudice, as premature under <u>Heck</u>.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Injunctive Relief (Doc. 4) is denied.

The Clerk is directed to transmit to plaintiff the forms for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge