IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MIGUEL MENDOZA,

                    Petitioner,

          v.                    CASE NO.  08-3045-SAC

Deborah G. Schult,
Ph.D., Warden, et al.,

                    Respondents.

O R D E R

          This action was filed as a civil rights complaint, 42
U.S.C. § 1983, by an inmate of the Federal Correctional Institution
at Ray Brook, New York.  Mr. Mendoza originally named as defendants
the State of Kansas, the Harvey County Attorney, the Assistant
Harvey County Attorney, plaintiff's appointed defense counsel, and
two police officers in Newton, Kansas, all of whom he alleged
conspired to convict and punish him and deny him a fair trial
during his arrest, trial and conviction in Kansas in 1998.  He
sought money damages from each defendant, but also asked the court
"to erase" his criminal case.

          The court screened the complaint pursuant to 28 U.S.C. §
1915A(a) and (b), and found the claims raised therein were
challenges to Mr. Mendoza's 1998 Kansas conviction that should be
construed as habeas corpus claims.  The court further found that
Mendoza's claims for money damages were subject to being dismissed
as premature under Heck v. Humphrey, 512 U.S. 477, 487 (1994). Id.

(When a state prisoner seeks damages, declaratory, or injunctive relief in a § 1983 suit based upon allegations suggesting he was illegally convicted, and judgment in his favor would necessarily imply the invalidity of his conviction; the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.) Id. (damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997)(declaratory relief); Lawson v. Engleman, 67 Fed. Appx. 524, 526 FN 2 (10th Cir. 2003) (unpublished) (injunctive relief). Mr. Mendoza was ordered to submit his habeas corpus claims upon forms provided by the court for filing a habeas corpus petition, to answer all questions on the forms regarding exhaustion of state court remedies and the possible expiration of the applicable statute of limitations, and to show cause why his claims for money damages should not be dismissed under Heck.

In response, Mr. Mendoza filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" with several exhibits attached[1]. The court was considering the threshold issues of whether or not petitioner had shown full

---

[1]    Unfortunately, the Petition is not upon forms provided by the court as directed. Consequently, petitioner has not clearly delineated his claims, has shown full exhaustion on only two of his seven apparent claims, and has not addressed, in any fashion, the statute of limitations problem.
    Moreover, the responsive materials filed by petitioner reveal significant facts not apparent from the original complaint. First, it is revealed that Mr. Mendoza has fully served the Kansas sentence he seeks to attack. Thus, it possible he no longer meets the "in custody" requirement for pursuing federal habeas corpus relief under 28 U.S.C. § 2254 with regard to his theft conviction. Second, it appears that, even if he were still "in custody" on his 1998 sentence, the one-year time limit for filing a federal habeas corpus petition challenging this conviction has expired. These are matters Mr. Mendoza will have to address should he decide to file any future action in this court regarding this conviction.

2

exhaustion of all available state court remedies[2] and if the statute of limitations had expired[3], when it received another pleading from petitioner, which is dispositive.

    The matter is now before the court upon petitioner's Motion

---

[2]    In his Petition, Mr. Mendoza lists the grounds he raised "on all the appeals," which may be summarized as (1) trial court error in admitting hearsay evidence of his prior wrongful acts; and (2) prosecutorial misconduct in connection with admission of this evidence. The Brief of Appellant exhibited by petitioner also indicates these were the two issues argued on direct appeal to the KCOA. If these were the only two claims petitioner sought to have reviewed in this court, they have been exhausted. However, in his "Factual Allegations," Mr. Mendoza claims that (3) he was arrested as the result of an illegal search of the vehicle, (4) there was insufficient evidence of his guilt, (5) his trial was unfair due to jury bias and improper evidence, and (6) his trial defense counsel, Mr. Peterson, was ineffective in that he failed to investigate and object at trial, and failed to timely and properly pursue a direct criminal appeal. He also claims prosecutorial misconduct on the additional, different grounds that (7) prosecutors fabricated evidence during the preliminary investigation and "acted outside" the scope of their employment in conspiring to unlawfully charge and convict him. Claims (3) through (7) are not mentioned in in the Brief of Appellant or the opinion of the KCOA. Thus, it appears that Mr. Mendoza did not present any of these issues on direct appeal. Since it also appears he has not filed a post-conviction motion, such as one under K.S.A. § 60-1507, it follows that he has not exhausted state court remedies on claims (3) through (7). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, this does not mean just some opportunity; instead, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

[3]    In September, 1998, Mr. Mendoza was convicted by a jury of one count of possession of methamphetamine and one count of possession of a controlled substance without a tax stamp. He filed timely motions for judgment of acquittal and for new trial, which were denied. He was sentenced to concurrent prison terms of 24 months and 6 months. In his Amended Petition herein, Mendoza alleges that Mr. Peterson, his appointed trial counsel, "simply dropped the ball on appellate review by failing to file an appellate brief." Nevertheless, petitioner alleges and Kansas Appellate Courts on-line records show that another appointed attorney, Mr. Whalen, filed a Motion to Docket Appeal Out of Time in November, 1994, and Mendoza was allowed to directly appeal his conviction to the Kansas Court of Appeals (KCOA), which affirmed on March 24, 2006. State v. Mendoza, 130 P.3d 593 (Kan.App. Mar. 24, 2006)(Table). His Petition for Review was denied by the Kansas Supreme Court on September 19, 2006. The statute of limitations applicable to federal habeas corpus actions could have expired in this case during the six years of inaction between the time of sentencing and the filing of petitioner's motion for appeal out of time, depending on petitioner's diligence or lack thereof in pursuing his claims during that period.

to Dismiss (Doc. 7), which this court construes as a Notice of Voluntary Dismissal by petitioner/plaintiff pursuant to FRCP Rule 41(a).  Under Rule 41(a), Mr. Mendoza may dismiss this action without a court order at any time before a responsive pleading is filed.  Mr. Mendoza alleges in his motion that he now realizes his action is premature, as noted in the court's prior order.  The court finds this action should be dismissed based upon Mr. Mendoza's filing of his Notice of Voluntary Dismissal.

## MOTION FOR LEAVE TO PROCEED WITHOUT FEES

In its prior Order, the court explained to Mr. Mendoza the different filing fees required for a habeas corpus petition as opposed to a civil rights action, and informed him that he must either submit the $5.00 fee for a habeas corpus action or an initial partial filing fee of $9.00 to proceed on his original civil rights complaint.  He has not submitted either fee, and the court finds this motion is now moot.  No partial filing fee has been assessed and no amount is due.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Dismiss (Doc. 7) is granted, and this action is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is denied as moot, and no partial filing fee is assessed.

**IT IS SO ORDERED**.

4

Dated this 29th day of April, 2008, at Topeka, Kansas.




                              s/Sam A. Crow
                              U. S. Senior District Judge